UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TYKEIYA DORE et al.,                                           :

                                                              :        ORDER STAYING CASE
                            Plaintiffs,

                                                              :        25 Civ. 9618 (JPC) (GWG)

       -v.-
                                                              :

CHRIS BROWN ENTERTAINMENT, LLC. et al,

                                                              :

                            Defendants.                       :
-------------------------------------------------------------X
GABRIEL W. GORENSTEIN, United States Magistrate Judge

       On March 11, 2026, the Court ordered plaintiffs to show cause why this action should not
be stayed or dismissed pursuant to the "first-filed" rule, in light of plaintiffs' pending action
before the United States District Court for the District of New Jersey ("the New Jersey action").
See Docket # 15.   Plaintiffs have responded to this order.   See Docket # 17.

       Plaintiffs assert that their complaint in this action "contains new evidence that was not
submitted with the complaint in New Jersey."   Docket # 17 at 2.   To the extent plaintiffs are
arguing that the first-filed rule should not apply as a result, we reject this argument.   "Proper
application of the 'first-filed' rule requires that the first and subsequently filed case(s) have either
identical or substantially similar parties and claims."   Wyler-Wittenberg v. MetLife Home
Loans, Inc., 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012) (citation omitted).   "[T]he core question
is whether there are common violations of law alleged."   Liberty Mut. Ins. Co. v. Fairbanks Co.,
17 F. Supp. 3d 385, 393 (S.D.N.Y. 2014) (citation and internal quotation marks omitted).
Plaintiffs make no argument that there are not common violations of law alleged in this action
and the New Jersey action.

       Plaintiffs also state that they will "request the District Court of New Jersey to transfer the
case."   Docket # 17 at 2.   Indeed, the docket sheet in the New Jersey action reflects that
plaintiffs have sought an order transferring that action to the Southern District of New York.
See Docket # 72 in No. 2:24-cv-10103 (D.N.J. Nov. 25, 2024).   But whether that action is
transferred or not is irrelevant to the question of whether this action should be stayed or
dismissed under the "first-filed" rule.

       We thus conclude that this action must be either stayed or dismissed under the "first-
filed" rule.

       Which course to take — stay or dismissal — is committed to a district court's
"discretion."   Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991) (citation omitted).   We
understand from the docket sheet in the New Jersey action that certain parties have been
dismissed for lack of personal jurisdiction and lack of venue.   See Docket # 64 in No. 2:24-cv-
10103 (D.N.J. Oct. 31, 2025).   These parties are Songs of Universal, Inc.; Sony Music
Publishing (US) LLC (erroneously named as Sony/ATV Songs LLC); Sony Music
Entertainment; and Chris Brown Entertainment, LLC ("the jurisdictionally dismissed

defendants").   In light of this dismissal, it seems appropriate that the suit here should be permitted to proceed as to these parties (assuming jurisdiction and venue are proper in this district).

Accordingly, this suit will be stayed until a final judgment is entered in the New Jersey action and no further appeal is available to plaintiffs to challenge the dismissal of the jurisdictionally dismissed defendants.   Plaintiffs are directed to inform the Court within 14 days of the date when no further appeal is available.

SO ORDERED.

Dated: April 1, 2026
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge